J-A26032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF BONNIE M. SCHEERBAUM, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: DONALD G. JACKMAN, JR. | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1331 WDA 2024 |

Appeal from the Order Entered October 1, 2024
In the Court of Common Pleas of Butler County Orphans' Court at No(s):
O.C. No. 114 of 2023

BEFORE: OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: June 30, 2026**

Appellant, Donald G. Jackman, Jr., appeals *pro se* from the order entered in the Butler County Court of Common Pleas, Orphans' Court, which granted the motion for judgment on the pleadings filed by the Estate of Bonnie M. Scheerbaum, Deceased ("Estate"), and dismissed Appellant's objections to the first and final account of the Estate. We affirm.

The relevant facts and procedural history of this case are as follows. Appellant's mother, Bonnie M. Scheerbaum ("Decedent"), died on April 19, 2023. On May 8, 2023, Appellant filed a claim against the Estate seeking reimbursement in the amount of $312,000 for three classic cars which he alleges that Decedent illegally converted when she wrongfully sold them while he was incarcerated in 2004. Appellant claimed that Decedent used the proceeds from the sale of the cars to purchase a property, and Appellant

insisted that he was entitled to payment for the value of that property.[1]  At the time of her death, Decedent owned the property with her granddaughter, Colleen Sahli, as joint tenants with the right of survivorship.  On September 25, 2025, this Court granted the application of Colleen Sahli and Michael Sahli to intervene in this matter.

Decedent's last will and testament, dated June 2, 2004, was probated, and on June 9, 2023, the Register of Wills of Butler County issued Letters Testamentary to Robert G. Jackman as Executor of the Estate ("Executor"). Executor later located another last will and testament of Decedent dated January 24, 2006 ("2006 Will"), and he filed a petition to amend the probate record.  The Register of Wills amended the probate record on July 17, 2023. The Estate filed a first and final account and petition for adjudication on April 1, 2024.  The petition of adjudication listed Appellant's May 8, 2023 notice of claim and attached to it a copy of the 2006 Will.

On May 13, 2024, Appellant filed objections to the Estate's first and final account and petition for adjudication.  The Orphans' Court conducted a hearing on September 5, 2024, after which the Estate filed a motion for judgment on the pleadings.  On October 1, 2024, the court entered an order granting the

---

[1] Appellant has brought several unsuccessful actions against his mother, while she was alive, in addition to other defendants, to recover the value of the cars. *See Jackman v. McMillan*, 2006 WL 995719 (W.D.Pa. April 12, 2006) (unreported); *Jackman v. McMillan*, 232 Fed.Appx. 137 (3d Cir. April 17, 2007); *Jackson v. Cohill*, 2010 WL 1387718 (N.D. Ohio March 31, 2010).

Estate's motion for judgment on the pleadings and dismissing Appellant's objections to the first and final account. Appellant filed a timely notice of appeal on October 29, 2024.

Following receipt of this Court's letter providing the Orphans' Court with a copy of the docket in the above appeal, the Orphans' Court sent a letter informing this Court that it had not been served with a notice of appeal related to this matter.[2] As a result, the Orphans' Court explained it did not intend to issue an order per Pa.R.A.P. 1925(b) or to provide a Rule 1925(a) opinion. As such, this Court did not initially have the benefit of an opinion explaining the reasons for the Orphans' Court's order. Thus, on December 23, 2025, this Court retained panel jurisdiction and remanded this case for the Orphans' Court to permit Appellant to file and serve a Rule 1925(b) statement within 21 days of the date of the return of the record to the Orphans' Court. **See Coffman v. Kline**, 167 A.3d 772, 776 (Pa.Super. 2017), *appeal denied*, 645 Pa. 698, 182 A.3d 433 (2018) (stating that "[w]hen an appellant fails to serve the notice of appeal on the trial court per Rule 906(a)(2), this Court has discretion to take any appropriate action, including remand to the trial court for the completion of omitted procedural steps"). We further directed the

---

[2] The certified record contains an affidavit of service from the Registrar of Wills of Butler County, explaining that on October 30, 2024, the Registrar of Wills served the notice of appeal upon counsel for the Estate. Nothing in the certified record indicates that the Orphans' Court was served with a copy of the notice of appeal.

Orphans' Court to file a Rule 1925(a) opinion and gave the parties an opportunity to file supplemental briefs.

Appellant has now filed his concise statement, and the Orphans' Court issued its supplemental opinion on March 19, 2026.

Appellant raises the following questions on appeal:[3]

> 1 Did the Orphans' Court abuse its discretion and commit error of law when denying Appellant's Notice of claim arguing the collection of the debt was barred by *res judicata* when the Notice of Claim revived collection of the debt as creditor of the estate.
>
> 2. Did the Orphans' Court abuse its discretion and commit error of law denying Appellant transfer documents of his 3 automobiles citing statute of limitations when time of transfer [is] unknown to Appellant.
>
> 3. Did the Orphans' Court abuse its discretion and commit error of law when not reaching the merits of Appellant's joint tenancy with right of survivorship [claim] where the legality of said indenture was in question when the unities had invalidated it.
>
> 4. Did the Orphans' Court abuse its discretion and commit error of law, by allowing the transfer of property from [the Decedent to Ms. Sahli] when a legally binding trust was created.  The use of Appellant's funds (known by [Ms. Sahli]) used by [Decedent] without his consent to construct the buildings on the estate.  The state of Pennsylvania grants no heirship rights to grandchildren, establishing a fraudulent transfer as a matter of law and fact.
>
> 5. Did the Orphans' and Superior Courts abuse their discretion and commit error of law by allowing entry into the record another will not in the Register of Wills file.  Appellant acquired copy of will on file at time of [Decedent's] death a

---

[3] The parties declined to file supplemental briefs following the court's supplemental Rule 1925(a) opinion.

few, days after her passing. The Register of Wills possessed no entry of the 2006 will being verified only days after the Orphans' Court submitted the record to the Superior Court. The Orphans' Court docket contains no entry of any petition by Robert G. Jackman, no service of this 2006 will, and its entry into the record to the Superior Court exceeds the 90 days allowed for a secondary codicil. The entry of this allowed by the courts is clear error of law.

(Appellant's Brief at iii-v) (some punctuation and capitalization provided).

Appellant's first two issues concern a debt that he asserts Decedent owed to him after she sold three of his vehicles and used the money from the sales to purchase the property. Appellant argues that the Orphans' Court erred when it concluded that issues concerning the transfer were barred either by the statute of limitations or by *res judicata*, both of which Appellant argues are inapplicable. Appellant insists that this Court must remand for the Orphans' Court to consider the merits of his claims. We disagree.

We review the Orphans' Court's legal conclusion that a claim is barred by the statute of limitations on a *de novo* standard of review and review any underlying factual findings for evidentiary support under an abuse of discretion standard. **In re Est. of Fuller**, 87 A.3d 330, 333 (Pa.Super. 2014); **In re Est. of Talerico**, 137 A.3d 577, 580 (Pa.Super. 2016) (explaining that "[w]hen the [Orphans'] Court has come to a conclusion through the exercise of its discretion, the party complaining on appeal has a heavy burden"). "A conclusion or judgment constitutes an abuse of discretion if it is so lacking in support as to be clearly erroneous." **Id.** at 581 (quoting **In re Jerome Markowitz Trust**, 71 A.3d 289, 297-298 (Pa.Super. 2013)).

- 5 -

Appellant's claims concerning the unauthorized sale of his vehicles raise an issue of conversion or theft. Pennsylvania law provides that these claims are generally subject to a two-year statute of limitations under 42 Pa.C.S.A § 5524, which covers actions "for taking, detaining or injuring personal property, including actions for specific recovery thereof." 42 Pa.C.S.A. § 5524(3).

Further, the question of whether the doctrine of *res judicata* applies is a question of law for which our standard of review is *de novo* and our scope of review is plenary. **Gross o/b/o I.M. v. Mintz**, 321 A.3d 1005, 1010-11 (Pa.Super. 2024), *appeal denied*, ___ Pa. ___, 346 A.3d 1245 (2025). As this Court has explained:

> "The doctrine of *res judicata* applies to prevent litigants from bearing the burden of re-litigating the same issues with the same parties, and to promote judicial economy." **E.K. v. J.R.A.**, 237 A.3d 509, 521 (Pa.Super. 2020) (citation omitted). *Res judicata*, or claim preclusion, bars the re-litigation of a previously litigated claim or cause of action when the following elements are the same across both actions: the identity of (1) the thing sued upon; (2) the cause of action; (3) persons and parties to the action; and (4) the quality or capacity of the parties suing or being sued. **K.D. v. E.D.**, 267 A.3d [1215,] 1224[(Pa.Super. 2021), *appeal denied*, 672 Pa. 345, 272 A.3d 952 (2022)]. Essentially, "[u]nder the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit on the same cause of action[.]" **Wilmington Tr., Nat'l Ass'n v. Unknown Heirs**, 219 A.3d 1173, 1179 (Pa.Super. 2019)[.] "The dominant inquiry under those elements, then, is whether the controlling issues have been decided in a prior action, in which the parties had a full opportunity to assert their rights." **E.K.**[, *supra*] at 521 (citation omitted).

**Id.** at 1010-11 (quoting **Moyer v. Shaffer**, 305 A.3d 1064, 1067 (Pa.Super.

2023)) (emphasis omitted).

Instantly, the Orphans' Court addressed these issues in its supplemental opinion as follows:

> The Executor … and the court raised the issue of *res judicata* in the case because, under that doctrine, Appellant is barred from once again litigating this action. The same issues that Appellant raised in this case, including [Decedent's] alleged unauthorized sale of Appellant's classic cars, have already been litigated in two separate cases: one in the Third Circuit Court of Appeals and the other in the Eastern District of Ohio. *Jackman v. McMillan*, 2006 WL 995719 (W.D.Pa. April 12, 2006) (unreported); *Jackman v. McMillan*, 232 Fed.Appx. 137 (3d Cir. April 17, 2007); *Jackson v. Cohill*, 2010 WL 1387718 (N.D. Ohio March 31, 2010)….
>
> Both of Appellant's former cases involving some of the same issues were dismissed. In the Western District of Pennsylvania/Third Circuit case, [Appellant] brought a Section 1983 action against county officials and former housemates, including [Decedent] alleging that his personal property had been sold at auction without his permission and while he was incarcerated. *Jackman*, 232 Fed.Appx. 137. In that case, [Appellant] alleged that, commencing in March 2000 and continuing thereafter until March 2004, numerous valuable personal items which he owned or jointly owned were disposed of without his authority or permission and without his receiving any of the proceeds from the sales. *Id.* at 138. He alleged that Carol McMillan, a woman with whom he had formerly resided, acting alone or with others, conducted an auction in March 2004. *Id.* at 183 [n.3]. The Third Circuit Court of Appeals upheld the lower court's dismissal of the action, holding [Appellant] failed to show deprivation of a constitutional right through state action. [*Id.* at] 139.
>
> In the second case filed several years later, *Jackman v. Cohill*, Appellant claimed again that certain individuals, including [Decedent], took his property and committed the tort of conversion. The alleged converted property included classic cars—a 1963 Impala and a 1985 Honda ATV—as well as other possessions he claimed were sold at auction.

*Jackman v. Cohill*, 2010 WL 1387718, at *3 (N.D. Ohio March 31, 2010). The Ohio District Court dismissed Jackman's *in forma pauperis* action under 28 U.S.C. 1915(e) for failing to state a claim upon which relief can be granted, or, the action lacks an arguable basis in law or fact. *Id.* at 1.

The Northern Ohio District Court found that:

This is not [Appellant's] first attempt to obtain damages from these defendants for taking his property. In 2006, he filed an action in the United States District Court for the Western District of Pennsylvania against Ms. McMillan, [Decedent, and several other individuals]. [Appellant] lists various items taken by the defendants including a 1963 Impala, a 1985 Honda ATV, a 7500 watt generator, various tools, gold pieces…

*Jackman v. Cohill*, 2010 WL 1387718, at *2. The court went on to state:

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. [Appellant] is therefore precluded from litigating this matter for a second time in another jurisdiction.

*Id.* (citations omitted).

Likewise, [Appellant] is precluded from litigating this matter for a **third** time in the instant action. As in *Jackman v.*

- 8 -

> ***Cohill***, quoted above, Appellant's action is barred by *res judicata* because there is an identity of the facts creating the right of action and of the evidence needed to sustain each action. That is, in the two prior cases and in the instant action, Appellant claims that his mother, [Decedent], sold his personal property at auction in or around March 2004. Many of the items allegedly sold at auction in all three cases are the same, including Appellant's 1963 Impala and other classic cars. This action, like the prior cases, must be dismissed.

(Orphans' Court Opinion, entered 3/19/26, at 6-8) (emphasis in original). The Orphans' Court further found that it was apparent on the face of Appellant's filings that the statute of limitations for the tort of conversion had expired. The Orphans' Court explained that the statute of limitations for the tort of conversion is two years and Appellant filed the instant case nearly 20 years after the alleged unauthorized sale of his vehicles. (***Id.*** at 8) (citing 42 Pa.C.S.A. § 5524(3)).

Upon review, we conclude that the record supports the Orphans' Court's conclusions that Appellant's claims against the Estate, based on the alleged unauthorized sale of Appellant's vehicles in 2004, are barred by the statute of limitations. Appellant's claim that Decedent sold his vehicles without his permission and kept the proceeds from those sales, raises a claim of conversion, for which the statute of limitations is two years. ***See*** 42 Pa.C.S.A. § 5524. We agree with the Orphans' Court that Appellant cannot now, nearly 20 years after his property was sold, bring a claim against the Estate to recover the value of the cars. Thus, the Orphans' Court did not err in refusing to address the transfer of the vehicles when it approved the first and final

- 9 -

account of the Estate.[4] **See In re Est. of Fuller, supra**. Appellant's first two issues do not merit relief.

In his third and fourth issues, Appellant claims that the Orphans' Court erred when it did not address the merits of his claims concerning the validity of the deed dated December 26, 2011, and recorded in the Office of Recorder of Deeds of Butler County at Instrument Number 2011122220031899, which conveyed the property at 255 Rockdale Road, Butler, Pennsylvania, to Decedent and Ms. Sahli, as joint tenants with right of survivorship.

Preliminarily, we must consider whether the current Orphans' Court case is the appropriate means for Appellant to challenge the validity of the deed conveying the property to Decedent and Ms. Sahli. By way of background, we note that a joint tenancy, such as that enjoyed by Decedent and Ms. Sahli, is a form of concurrent ownership where multiple people own property together, and "[e]ach joint tenant possesses 'the entire estate, rather than a fractional share[.]'" **Grant v. Grant**, ___ Pa. ___, ___, 341 A.3d 685, 688 (2025) (quoting **United States v. Craft**, 535 U.S. 274, 280, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002)). Joint tenancies include the right of survivorship—"a right to 'automatic inheritance[,]' meaning that when one joint tenant dies, 'that tenant's share in the property does not pass through will or the rules of

---

[4] Based on this disposition, we need not address whether the claims were also barred by the doctrine of *res judicata*. **See Lilliquist v. Copes-Vulcan, Inc.**, 21 A.3d 1233, 1235 (Pa.Super. 2011) (stating we may affirm decision of Orphans' Court if it is correct on any grounds).

intestate succession; rather, the remaining tenant or tenants automatically inherit it.'" *Id.* (quoting *Craft, supra*, 535 U.S. at 280, 122 S.Ct. at 1414).

Instantly, the record reflects that Decedent transferred the property at 255 Rockdale Road to herself and Ms. Sahli as joint tenants with right of survivorship, twelve years before her death. Because the property was held as a joint tenancy between Decedent and Ms. Sahli, upon Decedent's death, Ms. Sahli had the right to immediate ownership and possession of the property. Hence, the property was not a probate asset; it was never under the dominion or control of the Executor and was not an asset that could have been distributed by the Estate. As the issue raised by Appellant concerning the transfer of property at 255 Rockdale Road does not involve the probate of the Estate, Appellant has not demonstrated any cause to disturb the Orphans' Court order confirming the first and final account of the Estate on this ground.

In Appellant's final issue on appeal, he argues that the Orphans' Court abused its discretion when it accepted the 2006 Will that Executor found and presented to the probate court. Appellant claims both that the 2006 Will was submitted too late and that he was not served with a copy of this Will. Appellant insists that this Court must vacate the order of the Orphans' Court and strike the 2006 Will from the record. We disagree.

Under Pennsylvania law, there exists a brief period for the Register of Wills to directly admit a later discovered will to probate. Section 3138 of Pennsylvania's Probate, Estates and Fiduciaries Code provides:

- 11 -

> If a later will or codicil is submitted to the register for probate within three months of the testator's death but after the register shall have probated an earlier instrument, the register, after such notice as he deems advisable, but with at least ten-days' notice to the petitioner who presented the probated instrument if he has not requested probate of the later will or codicil, shall have power to open the probate record, receive proof of the later instrument or instruments and amend his probate record.

20 Pa.C.S.A. § 3138. The three-month statutory period runs from the decedent's death, not from the date of probate of the earlier will, and when the period has expired, the Register of Wills no longer has the authority to directly admit the later will to probate. *In re Est. of Ruhlman*, 291 A.3d 916, 922 (Pa.Super. 2023).

Instantly, Decedent died on April 19, 2023. On June 9, 2023, the Executor filed a Petition for Grant of Letters at Estate No. 10-23-0635,[5] and attached a copy of Decedent's will dated June 2, 2004. On July 13, 2023, Executor filed a petition to amend the date of the will, averring that he discovered the 2006 Will. On July 17, 2023, the Register of Wills granted the petition under Section 3138 because the petition to amend was filed within three months from the date of Decedent's death. The Register of Wills served the attorney for the Estate and Executor with notice of the order.

Because Executor submitted the petition to amend the date of the will

---

[5] There are two dockets relevant to Decedent's Estate: the first is the Orphans' Court Docket, No. 2023-00114 (at issue in this appeal), and the second is the Register of Wills Docket at Estate No. 10-23-0635, which pertains to probate and inheritance tax.

to probate during the three-month period following the Decedent's death, the Register of Wills had the authority to accept the later will and amend probate. *See* 20 Pa.C.S.A. § 3138. Furthermore, as the Orphans' Court noted:

> The Register of Wills … did serve notice of her Register's Order upon the party-in-interest: Mary Jo Dillon, Esquire, counsel for the Estate of Bonnie M. Scheerbaum and for the Executor, Robert G. Jackman. The Register of Wills was under no compulsion or requirement pursuant to the Orphans' Court Rules to serve notice of the Register's Order on other parties in the case at Estate No. 10-23-0635, who were not parties-in-interest.

(Orphans' Court Opinion, entered 3/19/26, at 12). We discern no error in either the Register of Will's acceptance of the 2006 Will, or the notice provided thereof. *See* 20 Pa.C.S.A. § 3138. Appellant's final issue is meritless.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/30/2026